

# NUMBER 13-18-00162-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GEORGE GUADALUPE QUINTANILLA,**　　　　　　　**Appellant,**

**v.**

**THE STATE OF TEXAS,**　　　　　　　**Appellee.**

---

### On Appeal from the 93rd District Court
### of Hidalgo County, Texas.

---

# ORDER OF ABATEMENT

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Order Per Curiam

Appellant, George Guadalupe Quintanilla, filed a notice of appeal with this Court from his conviction in trial court cause number CR-1283-16-B. The trial court's certification of the defendant's right to appeal does not contain the defendant's signature. *See* TEX. R. APP. P. 25.2(d). On March 23, 2018 and May 10, 2018, the Clerk of the

Court requested that the trial court provide an amended certification of defendant's right of appeal containing the defendant's signature, or alternatively, provide a response explaining why it cannot be provided to the Court. The trial court has not provided a response or an amended certification.

The Texas Rules of Appellate Procedure require the trial court to enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. *See id.* 25.2(a)(2). The certification must include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a pro se petition for discretionary review. *See id.* 25.2(d). The certification must be signed by the defendant and a copy must be given to him. *See id.* 25.2(d).

The record in this cause contains the trial court's certification pursuant to TEX. R. APP. P. 25.2(a)(2), but the certification is defective because it has not been signed by the defendant. Accordingly, we direct the trial court to remedy the defect in the certification by preparing and filing a "Trial Court's Certification of Defendant's Right of Appeal" which includes the defendant's signature. All of the provisions of 25.2(d) should be complied with including the requirement that the defendant be informed of his rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review. The trial court's amended certification, and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an

extension prior to the expiration of this deadline.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
5th day of June, 2018.

3